IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robert Earl Dillard #220045, ) | Case No. 2:15-cv-3604-JFA-MGB |
| Petitioner, ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| Warden, Perry Correctional ) | |
| Institution, ) | |
| Respondent. ) | |

Robert Earl Dillard ("Petitioner"), a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for initial screening. Having reviewed the petition and applicable law, the Magistrate Judge recommends that this § 2254 petition should be <u>summarily dismissed without prejudice</u> to the Petitioner's ability to seek permission from the Fourth Circuit Court of Appeals to file a successive petition, for the following reasons:

<u>I. Pro Se Habeas Review</u>

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed the petition pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

Pro se pleadings are given liberal construction and are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir.2003). Courts liberally construe pro se claims

to allow the development of a potentially meritorious case. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). However, "[t]he 'special judicial solicitude' with which a district court should view ... pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir.1990). Giving "liberal construction" does not mean that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir.2012). "Principles requiring generous construction of pro se complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

II.  Background

In 1995, Robert Dillard received a jury trial and was convicted of two counts of murder in the General Sessions Court of Pickens County, South Carolina. He was sentenced to two consecutive life sentences. (DE# 1, ¶¶ 1-5). On direct appeal, his convictions and sentences were affirmed on February 11, 1997. (*Id.*, ¶ 9(c)); *see State v. Battle*, 2009 WL 9528767 (May 27, 2009) (per curiam).  He indicates he did not seek certiorari.

Petitioner filed a first motion for post-conviction relief ("PCR") in state court on October 30, 1997. In his present petition, he does not indicate the result, nor does he indicate whether he appealed. In prior records, however, he indicated that the first PCR motion was denied, and that he subsequently filed a second motion (described as an "Austin petition") on May 25, 1999. (*See Dillard v. Warden, Perry Correctional Institution*, Case No. 8:07-cv-1533-JFA-BHH, DE# 1,¶ 11((a-b)). The second PCR motion was denied on April 19, 2002. Petitioner indicates he then filed a third PCR motion on August 6, 2002, raising the following issues: 1) after-discovered

evidence of the state's knowing employment of perjured testimony from its key witness …"; and 2) "after discovered evidence of trial Judge's refusal to define 'reasonable doubt' upon the Jury's request …" (*Id*. at ¶ 11(c)). Petitioner indicates that after a hearing, his third PCR motion was denied on August 19, 2003 as successive and time-barred. (*Id*. at ¶ 11(c)(7-8)). He indicates that on appeal, the South Carolina Supreme Court denied review on April 20, 2007. (*Id*. at ¶ 12(d)).[1]

On or about June 1, 2007, Petitioner filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Dillard v. Warden, Perry Correctional Institution*, 2008 WL 4200315 (D.S.C. Sept. 2, 2008), Case No. 8:07-cv-1533-JFA-BHH. Petitioner raised the following issues: (1) after-discovered evidence of the state's knowing use of perjured testimony was used to obtain his conviction; (2) the trial judge's refusal to define "reasonable doubt" at the jury's request subjected petitioner to a fundamental miscarriage of justice; and (3) Petitioner's murder indictments were "sham legal processed indictments" that did not confer subject matter jurisdiction upon the trial court to convict the petitioner. The District Court found that the petition was time-barred, and therefore granted summary judgment to the Warden and dismissed the petition with prejudice. (*Id*., DE# 26, Order of September 2, 2008). On February 25, 2009, the Fourth Circuit Court of Appeals found that Petitioner had not made the requisite showing for a certificate of appealability and dismissed the appeal. *See Dillard v. Bazzle*, 312 F.App'x 543 (4th Cir.) (per curiam), *cert. denied*, 558 U.S. 884 (2009).

On September 8, 2015, the pro se Petitioner filed the present (second) petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In this second petition, he reasserts the same three issues that he asserted in his first time-barred § 2254 petition. (DE# 1 at ¶ 12). He indicates

---

[1] Other records indicate that the South Carolina Supreme Court denied review on April 24, 2007. *See Dillard*, 2008 WL 4200315 at *2.

he has also filed a petition for writ of mandamus in the Court of Common Pleas for Pickens County, South Carolina. (*Id*. at ¶14).

III.  Analysis

    A. Successive Petition

This Court must screen this § 2254 petition to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Review of the record reflects that this is Petitioner's second § 2254 petition regarding the same issues and the same two murder convictions. The AEDPA provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). This Court may properly take judicial notice of public records. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989); *Assa'ad-Faltas v. South Carolina*, 2012 WL 6103204 (D.S.C.), *adopted by* 2012 WL 6106421 (D.S.C.) ("the District Court clearly had the right to take notice of its own files and records").

For a second petition to qualify as "successive," the dismissal of the first habeas petition must have been "on the merits." *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000); *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 131 S. Ct. 1289 (2011). Petitioner's first § 2254 petition was dismissed with prejudice as time-barred. This is considered an "adjudication on the merits" for purposes of successiveness. *See Harvey*, 278 F.3d at 379–80 (differentiating dismissals "on the merits," including those for procedural default, from dismissals without prejudice based on "lack of exhaustion"); *In re Rains*, 659 F.3d 1274, 1275 (10th Cir.2011) (per curiam ) ("The dismissal of [petitioner's] first habeas petition as time-barred was a decision on the merits, and any later habeas petition

challenging the same conviction is second or successive and is subject to the [§ 2244(b)] requirements.") (brackets in original); *Quezada v. Smith*, 624 F.3d 514, 519–20 (2d Cir.2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."). Therefore, the present (second) § 2254 petition is successive and subject to dismissal.

The AEDPA, at 28 U.S.C. § 2244(b)(2), provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--":

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The United States Supreme Court has explained that "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). Here, Petitioner raises the same three issues that he raised in his prior petition.

The statute requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244

(b)(3)(A). In addition, Rule 9 of Rules Governing Section 2254 and 2255 Cases expressly provides that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Thus, Petitioner must first obtain authorization from the United States Court of Appeals for the Fourth Circuit before filing a successive § 2254 petition that attempts to raise any issues that were not presented in the prior petition.

Petitioner has not obtained authorization from the Fourth Circuit Court of Appeals to file a successive petition. In the absence of the required authorization, a district court has no jurisdiction to consider the merits of the petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition) (citing § 2244(b)(3)(A)). In *Burton*, the United States Supreme Court explained:

> In short, Burton twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it.

*Id.; and see, e.g.*, *Smart v. Warden, Kershaw Correctional Institution*. 2013 WL 6054475 (D.S.C. November 15, 2013) (dismissing Petitioner's § 2254 petition without prejudice, because Petitioner had not requested permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition).

### B. Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, a prisoner satisfies this standard by showing that reasonable jurists would find that the district

court's assessment of the constitutional claims is debatable or wrong. *Slack*, 529 U.S. at 484; *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. Here, the record plainly shows that the Petitioner has filed a successive petition. In light of the record, this procedural point is not "debatable." His first § 2254 petition was found "time-barred" pursuant to 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Moreover, with respect to the underlying PCR proceedings, the state court held that the Petitioner's third PCR motion was also successive and time-barred. Petitioner has not asserted any issues of actual innocence.

III. Recommendation

Accordingly, it is RECOMMENDED that this Petition be dismissed without prejudice to petitioner's right to seek authorization from the Fourth Circuit Court of Appeals to file a successive petition and without requiring Respondent to file an answer or return. It is also RECOMMENDED that a certificate of appealability be denied.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

October 14, 2015
Charleston, South Carolina

Petitioner's attention is directed to the important notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).