IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robert Earl Dillard #220045, | C/A No. 3:15-cv-3604-JFA-MGB |
| Petitioner, | |
| vs. | |
| Warden, Perry Correctional Institution, | **ORDER** |
| Respondent. | |

## I.  INTRODUCTION

Robert Earl Dillard ("Petitioner"), proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at the Perry Correctional Institution ("Perry"). This case is subject to summary dismissal.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., the case was referred to the Magistrate Judge for pretrial handling.[1] On October 15, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") wherein she recommends that this Court summarily dismiss the petition without prejudice to the Petitioner's ability to seek permission from the Fourth Circuit Court of Appeals to file a successive petition. (ECF No. 6).  Plaintiff filed an objection to the Report. (ECF No. 8). Thus, this matter is ripe for this Court's review.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in

---

[1] The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).

whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates those without a recitation.

## II.   DISCUSSION

Petitioner contends that the Magistrate Judge erred in concluding that his claims should be dismissed as successive because: 1) the alleged "use of perjured testimony" by the State "is not subject to any procedural bar;" 2) the trial judge's "refusal to define reasonable doubt" to the jury amounted to a "miscarriage of justice" that should require "procedural bars" to "yield to the imperative of correcting a fundamental injustice;" and 3) the "issues of subject matter jurisdiction may be raised at any time." However, despite several arguments and numerous case citations, Petitioner fails to grasp the specific reason for the Magistrate Judge's recommendation of dismissal.

Rather, AEDPA provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall be dismissed*." 28 U.S.C. § 2244(b)(1)(emphasis added). To qualify as successive, the dismissal of the first habeas petition must have been "on the merits." *Slack v. McDaniel*, 529 U.S. 473, 485-

89 (2000). An adjudication on the merits for purposes of successiveness includes those petitions which were dismissed as time-barred. *See, e.g., In re Rains*, 659 F.3d 1274, 1275 (10th Cir 2011); *Quezada v. Smith*, 624 F.3d 514, 519-20 (2d Cir. 2010).

Here, the instant petition contains the same three claims from the Petitioner's 2008 filing. *See Dillard v. Warden, Perry Correctional Institution*, 2008 WL 4200315 (D.S.C. Sept. 2, 2008). That petition was dismissed as time-barred, and was thus, "on the merits." Accordingly, the Court holds that the instant petition is successive.

### III. CONCLUSION

After a careful review of the record, of the applicable law, and of the Report and the Objections thereto, this Court finds the Magistrate Judge's recommendation is proper. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate and hereby **DISMISSES** this action without prejudice to petitioner's right to seek authorization from the Fourth Circuit Court of Appeals to file a successive petition and without requiring Respondent to file an answer or return and without issuance and service of process.

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).[2]

**IT IS SO ORDERED**.

February 10, 2016  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."